LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8101 GAF (CTx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Porfirio Pacheco v. Wells Fargo Bank et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

**ORDER TO SHOW CAUSE AND MEMORANDUM REGARDING DIVERSITY CITIZENSHIP OF NATIONAL BANKING ASSOCIATIONS**

Plaintiff Porfirio Pacheco brings the present lawsuit against Defendants Wells Fargo Bank ("Wells Fargo"); First American Loanstar Trustee Services, LLC ("First American"); PNC Global Investment Servicing, Inc. ("PNC"); National City Bank ("National City"); and Does 1 through 50 (collectively, "Defendants") for violations of Business and Professions Code § 17200, breach of fiduciary duty, unjust enrichment, and failure to perform. Plaintiff originally filed his complaint in Ventura County Superior Court on October 5, 2009. Defendants National City Bank and PNC filed a Notice of Removal with this Court on November 5, 2009.

In their Notice of Removal, National City and PNC cite 28 U.S.C. § 1332 as a basis for federal court subject matter jurisdiction. Section 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between...citizens of different States." 28 U.S.C. § 1332(a), 1332(a)(1). For purposes of diversity jurisdiction, all "national banking associations shall...be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. Because of conflicting case law governing the citizenship of national banking associations, and a lack of clarity in the removal petition on that issue, the Court issues this Order to Show Cause. In that regard, the Court offers the following observations regarding recent case law concerning the exercise of jurisdiction over national banking associations.

In <u>Wachovia Bank, N.A. v. Schmidt</u>, 546 U.S. 303 (2006), the Supreme Court held that "a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8101 GAF (CTx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Porfirio Pacheco v. Wells Fargo Bank et al | | |

national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." 546 U.S. at 306; see also Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007).  But the Court did not decide whether a national bank could also be considered a citizen of the state where it maintained its principal place of business. Wachovia, 546 U.S. at 317 n.9.  The Court observed that to "achieve complete parity with state banks and other state-incorporated entities, a national banking association would have to be deemed a citizen of both the State of its main office and the State of its principal place of business." Id.  However, section 1348 "does not refer to 'principal place of business'....The absence of a 'principal place of business' reference...may be of scant practical significance for, in almost every case...the location of a national bank's main office and its principal place of business coincide."  Id.

Thus, it is presently left to lower courts to determine whether national banks are citizens only of their main-office state, or whether their respective principal places of business may also be considered for citizenship purposes.  While this question might generally be of "scant practical significance," Wachovia, 546 U.S. at 317 n.9, it is more significant where a national bank like Wells Fargo allegedly maintains a principal place of business outside its main-office state.  This Court has previously addressed this question.

In Mount v. Wells Fargo Bank, No. CV 08-6298-GAF (MANx), 2008 WL 5046286 (C.D. Cal. Nov. 24, 2008), this Court considered the argument that Wells Fargo's "principal place of business...in California" made it a California citizen and defeated diversity subject matter jurisdiction. 2008 WL 5046286 at *1.  This Court indicated it was persuaded by the holdings of Horton v. Bank One, N.A., 387 F.3d 426 (5th Cir. 2004), and Firstar Bank, N.A. v. Faul, 253 F.3d 982, 994 (7th Cir. 2001), and concluded that for diversity purposes, "a national bank is a citizen of the state of its principal place of business and the state listed in its organization certificate or articles of association." Mount, 2008 WL 5046286 at *2.  This case requires the Court to again consider the principal-place-of-business issue, and the Court now questions whether a national bank's principal place of business should be considered in assessing diversity of citizenship.

In reconsidering this issue, the Court has taken not of the reasoning of Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A., 470 F. Supp. 2d 312 (S.D.N.Y. 2006), a case that it did not consider in its Mount order.  In Excelsior, the Southern District of New York stated that the "concept of 'principal place of business' as a test for corporate citizenship did not arise until 1958, when [section 1332] was enacted." 470 F. Supp. at 319.  28 U.S.C. § 1348, governing national banks' citizenship, was enacted ten years earlier. Id. Section 1348 "does not suggest that the word 'located' was intended to have a meaning...that changed over time.  The statute should thus be interpreted consistent with congressional intent at the time it was enacted and at that time, the

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8101 GAF (CTx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Porfirio Pacheco v. Wells Fargo Bank et al | | |

modern concept of principal place of business....was not a test for citizenship for any corporation...." Id.

The Excelsior court also considered the possibility that the later-enacted section 1332 might have implicitly amended or altered the earlier-enacted section 1348, thus making principal place of business relevant for determining where a national bank was "located." 28 U.S.C. § 1348. In that regard, the Excelsior court stated, "there is nothing in the text or legislative history of § 1332(c)(1) to suggest that Congress intended [that] statute to alter or amend, expressly or impliedly, § 1348 in any way. There is no clear repugnancy between these statutes....[T]hese statutes are perfectly consistent with one another." Id. at 322. On that basis Excelsior concluded, "a national bank is not also 'located' in the state where it maintains its principal place of business, when that state is different from the state of the national bank's main office." Id.

Excelsior therefore suggests that the Notice of Removal, which speaks only in terms of "principal place of business" does not sufficiently set forth this Court's jurisdiction.

The Notice of Removal states that Wells Fargo's principal place of business is South Dakota; and that National City's principal place of business is Ohio. (Not. of Removal ¶ 4.) Both of these defendants are national banks; thus, their citizenship for diversity purposes is defined only by the locations of their respective main offices, as set forth in their articles of association. See 28 U.S.C. § 1348; Wachovia, 546 U.S. at 306; Excelsior, 470 F. Supp. 2d at 322; see also Shirwo v. JP Morgan Chase Bank, Inc., No. CV 09-4345 PSG (SSx), 2009 WL 2365688 (July 30, 2009). Accordingly, to properly claim diversity of citizenship in this case, PNC and National City would need to include allegations regarding the respective main offices of Wells Fargo and National City. Because the Notice of Removal refers only to Wells Fargo and National City's principal places of business—not their main offices—National City and PNC have not sufficiently alleged diversity jurisdiction.

Accordingly, Defendants are **ORDERED** to show cause, no later than **Monday, November 30, 2009**, why this case should not be remanded to state court for lack of subject matter jurisdiction. The filing of an amended Notice of Removal that addresses the foregoing concerns will constitute a sufficient response to the Order to Show Cause. Defendants' failure to file a response by the specified date shall be treated as their consent to remand of this case.

**IT IS SO ORDERED.**